UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN HAMMOND, # 122180, ) | Civil Action No.: 4:06-3357-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ) | |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, LT. BIRD, SGT. ) | |
| WILLIAMS, CAPTAIN PRICE, OFFICER ) | |
| OUTLAW, SGT. OF TRANSPORTATION,) | |
| OFFICER GREY HOUSE, OFFICER ) | |
| PHILLIPS, FNU LT. W/M, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, proceeding pro se, is an inmate in the custody of the South Carolina Department of Corrections (SCDC), and is housed at Perry Correctional Institution (PCI). Plaintiff, along with four other inmates at PCI, originally filed suit in the Richland County Court of Common Pleas. Defendants removed the action to this Court and filed a Motion to Sever, which was granted on November 29, 2006. Plaintiff asserts claims for cruel and unusual punishment and deliberate indifference pursuant to 42 U.S.C. § 1983 as well as state law claims for gross negligence, gross negligence in supervision and retention, due process, conspiracy, retaliation and assault and battery.

Presently pending before the Court are Plaintiff's Motion for Summary Judgment (Document # 8) and Defendants' Response and Cross Motion for Summary Judgment (Document # 12). Following Defendants' Cross Motion for Summary Judgment, the undersigned issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Motion for

Summary Judgment and the possible consequences if he failed to respond adequately. Plaintiff filed a Response (Document # 14) on March 1, 2007. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL HISTORY

Plaintiff alleges in his Complaint that, on September 13, 2006, Defendants used an excessive amount of mace in a neighboring inmate's cell and that he suffered injuries as a result of the overspray of mace. Specifically, Plaintiff alleges that his "eyes and skin burning. Throught felt like it was soar and closing up from excessive coughing and gagging. The gas had irritated his skin, he had shortness of breath, chest hurting, the nurse refused to see him." Complaint at ¶ 13.

Lt. Byrd avers that Plaintiff did not ask him to see medical personnel nor did he make any complaints to him that his eyes, nose, or skin was burning as a result of the mace used in the other inmate's cell. Byrd Aff. at ¶¶ 5-6. He further avers that the other inmate's cell was decontaminated using fans and the officers who decontaminated it did not wear gas masks. Id. at ¶¶ 7-8; see also Outlaw Aff. at ¶¶ 8-9. Lt. Byrd does not believe that the mace entered Plaintiff's cell as there are only approximately three centimeters between the door to his cell and the floor and fans were used immediately after the extraction of the other inmate in order to clear the air. Id. at ¶ 9; see also Outlaw Aff. at ¶ 10. Furthermore, he avers that it is standard SCDC policy to use Top Kop mace to obtain compliance from a dangerous, non-compliant inmate. Id. at ¶ 11. Officer Outlaw also avers that Plaintiff made no complaints to him that his eyes, nose or skin was burning as a result of the use of the mace nor did he ask to see medical personnel. Outlaw Aff. at ¶¶ 6-7; see also Waters Aff. at

¶¶ 5-6; Neal Aff. at ¶ 4.  Furthermore, Nurse Neal averred that Plaintiff never requested medical assistance in the days following the incident.  Neal Aff. at ¶¶ 4-5.  In addition, Plaintiff's medical records reveal that he did not make any complaints regarding the use of the mace or any lasting effects of the mace during his medical visits in the days and weeks following September 13, 2006. See Medical Records attached to Defendants' Motion.

In response to Defendants' Motion for Summary Judgment, Plaintiff submits his own affidavit, in which he states that he was denied medical care following the mace incident on September 13, 2006, even though he was complaining that his eyes, nose, and skin were burning. Plaintiff Aff. at ¶¶ 3-4.  He also avers that he filed three grievances on this matter but that Sgt. Williams threw them away and did not place them in the grievance box.  Id. at ¶ 5.

### III.    STANDARD OF REVIEW

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on

the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the Court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

**IV.     DISCUSSION**

    **A.     Allegations/Arguments of Parties**

Plaintiff alleges that he suffered cruel and unusual punishment and deliberate indifference to serious medical needs when the mace was sprayed into the cell of a neighboring inmate. He further claims that he was denied access to SCDC's inmate grievance system because he attempted to file a grievance regarding the above events, but his grievance was thrown away. He asserts a cause of action pursuant to 42 U.S.C. § 1983 as well as state causes of action for gross negligence, gross negligence in supervision and retention, due process, conspiracy, retaliation and assault and battery.

Defendants filed a motion for summary judgment arguing that the complaint should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies, that qualified

immunity applies as to Plaintiff's claims of cruel and unusual punishment, deliberate indifference, and denial of access to the grievance system, that Plaintiff cannot establish that Defendants violated his rights to be free from cruel and unusual punishment or deliberate indifference, that Plaintiff has no constitutional right of access to the grievance system, and that Plaintiff's state law claims fail as a matter of law.

### B.      Exhaustion of Administrative Remedies

Defendants assert Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. Defendants assert that Plaintiff alleges in his complaint that the incident took place on September 13, 2006, and Plaintiff along with four other plaintiffs filed this action in the Court of Common Pleas for Richland County on September 18, 2006. Thus, Plaintiff could not have exhausted his administrative remedies. Further, Defendants argue that even assuming Plaintiff did file a grievance as he asserted in his complaint, he could not have exhausted his remedies relating to the grievance, not to mention that there was no time for a response to the grievance before Plaintiff filed this action. Additionally, Defendants argue that Plaintiff has failed to allege he pursued any other administrative remedy beyond the mere filing of a Step 1 grievance within PCI and that this failure to take any additional administrative grievance steps means that Plaintiff failed to properly exhaust his administrative remedies. Defendants submitted the grievance record via the SCDC's grievance coordinator which reveals no grievance related to this incident is reflected in Plaintiff's file. Further, Defendants submitted the affidavits of Sergeant Williams, Lt. Byrd, Sergeant Waters, and Lt. Outlaw who state they have never thrown away or discarded an inmate's grievance and that they did not do so in this case as Plaintiff alleged.

In the recent United States Supreme Court case, <u>Woodford v. NGO</u>, 126 S.Ct. 2378 (2006), the Court held that the PLRA exhaustion requirement requires proper exhaustion. Within the decision, the Court stated that administrative law requires proper exhaustion of administrative remedies which "'means using all steps that the agency holds out, and doing so properly.'" <u>Id.</u> at 2385 (citing <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Plaintiff claims that he filed a grievance, but that it was thrown away. Nevertheless, Plaintiff filed this action within a few days of the alleged incident which means there was no time for a response to a grievance had he filed one. Additionally, assuming <u>arguendo</u> Plaintiff completed step one of the administrative grievance process, it is undisputed that he failed to proceed to the necessary additional steps to exhaust his administrative remedies.[1] Accordingly, based on the evidence provided, Plaintiff has not exhausted all administrative remedies. Therefore, it is recommended that this action be dismissed for failure to exhaust administrative remedies.

Alternatively, the merits of Plaintiff's claims are discussed below.

### C.  Cruel and Unusual Punishment

The Eighth Amendment protects inmates from inhumane treatment and inhumane conditions while in prison. A claim for cruel and unusual punishment requires the inmate to demonstrate that he has suffered serious or significant physical or mental injury as a result of the challenged condition. In addition, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834

---

[1] Even if Sergeant Williams did throw away the original grievance, Plaintiff made no effort to file the grievance with another officer or make any other attempts to comply with the administrative grievance procedure. <u>See</u> <u>Jones v. Smith</u>, 266 F.3d 399, 400 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility).

(1994). Further, the plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381. Plaintiff has failed to produce any evidence of serious or significant physical or emotional injury resulting from his allegations. At most, Plaintiff's eyes, skin, and throat were irritated following the use of the mace. Plaintiff has not alleged and does not produce any evidence to show that he suffered any lasting or continuing problems as a result of the mace. Even if Plaintiff was denied medical attention on the day of the incident, his medical records reveal that he did not mention any serious or significant injuries from the use of the mace in the days and weeks following September 13, 2006, whenever he did visit medical. Accordingly, Plaintiff's claim of cruel and unusual punishment should be dismissed.

### D.     Deliberate Indifference to a Serious Medical Need

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id. (quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976)). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Id. at 103-105 (internal citations and footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the Court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Id. at 107.

Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Id.; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

In order to establish claim for deliberate indifference to a serious medical need under the Eighth Amendment, Plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment. Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 104 (4th Cir. 1995) (citing cases). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 450 U.S. 1041 (1981)).

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the Court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851 (internal citations omitted).

As stated above, Plaintiff has produced no evidence that he suffered any serious injuries or that his medical needs were serious or life threatening. As such, his deliberate indifference claim should be dismissed as well.

      **E.**     **Denial of Access to the Grievance System**

Plaintiff alleges that his grievances were not handled properly in that his grievance on this alleged incident was thrown away. Defendants submitted affidavits attesting that plaintiff never filed a grievance relating to the September 13, 2006, use of force. Nevertheless, there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As such, summary judgment is proper as to this claim.

      **F.**     **State Law Claims**

If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claims will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain

jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law causes of action.

## V.     CONCLUSION

In light of the above analysis, it is recommended that Plaintiff's Motion for Summary Judgment (Document # 8) be denied and Defendants' Motion for Summary Judgment (Document # 12) be granted as to Plaintiff's federal claims, and Plaintiff's state law claims be remanded to the Richland County Court of Common Pleas.[2]

                                                              s/Thomas E. Rogers, III  
                                                              Thomas E. Rogers, III  
                                                              United States Magistrate Judge

August 13, 2007  
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] If the district judge adopts this recommendation, all remaining pending motions will be moot.